[No. 24624.   Department Two.   August 14, 1933.]

RAY BOONE, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent and Cross-appellant.*[1]

*Phil K. Eaton,* for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent and cross-appellant.

STEINERT, J.—From a decision of the department of labor and industries relative to a claim arising out of an injury received by plaintiff in the course of extrahazardous employment, the plaintiff took an appeal to the superior court for Thurston county.   After a hearing upon the appeal, the court remanded the case to the department for further hearing.   Both parties have appealed from the order of the court.   The plain-

[1]Reported in 24 P. (2d) 454.

tiff will be hereinafter designated as "the claimant," and the defendant as "the department."

The history of the case is as follows: On May 13, 1929, the claimant, while engaged in extrahazardous employment, slipped and fell from a pole, sustaining an injury to his back, the injury being described as a "fracture of the lamina of the fifth vertebra." The department recognized the claim, and paid time loss thereunder for about two and one-half years. During that time, the injury developed a condition that called for corrective treatment. In June, 1930, an operation was performed, and an Albee bone graft was made in an attempt to produce a fixation of the fractured region of the spine. In October, 1930, a localized cyst was removed from claimant's back. In November, 1930, a third operation was performed for the purpose of removing a sequestrated fragment of the bone graft.

In June, 1931, at the request of the department, the claimant was examined by a commission of three physicians, which made a report that the Albee bone graft had not provided complete fixation, and suggesting that a fusion ankylosing the sacrum and certain vertebrae might relieve the pain of which claimant then complained. The commission further reported that claimant was then under a disability to the extent of about fifty per cent.

In August, 1931, claimant complained of being wholly unable to work, and the following month he was allowed and paid, on account of permanent partial disability to the extent of twenty-three degrees, the sum of six hundred and ninety dollars. He had previously been advanced upon that classification the sum of one hundred and fifty dollars for five degrees of permanent partial disability. By the end of 1931, claimant had improved to such an extent that he was able to run a truck delivering wood, although his back was still

stiff and sore and bothered him when he attempted to do any lifting or bending. On January 7, 1932, the claim was closed with an allowance to claimant of sixty dollars for two additional degrees of permanent partial disability. The total allowance for that classification then amounted to nine hundred dollars, on the basis of thirty degrees.

Claimant shortly thereafter petitioned for a rehearing of the order closing the claim, on the ground that he had been given a reduced rating through misapprehension, and on the further grounds that the previous operation had been a total failure and that he was wholly unable to work at a gainful occupation. In his petition, claimant refused to accept any further operative regimen.

The petition for rehearing was granted, and the claim was reopened and a further hearing had, at which testimony was taken. Following that hearing, the department entered an order directing the claimant to report to a physician for operative treatment. Claimant, however, refused to comply with the order. The department then offered to refer the matter to an arbitration committee to determine (1) whether the claimant should be operated upon, and (2) the degree of his permanent partial disability or loss of time. In response to this offer, claimant, through his attorney, wrote to the department, refusing to submit to a further operation, and objecting to being rated under the classification of permanent partial disability, and asserting that the matter of loss of earning power was a purely legal question which should not be submitted to a commission of doctors.

The claimant, however, did submit himself to examination by the commission, which, on May 12, 1932, found (1) that further operative procedure was not indicated, (2) that claimant's permanent partial dis-

ability was then forty degrees, and (3) that claimant could, and should, take up some form of light work. Pursuant to the report of the commission, the department closed the claim with an allowance of three hundred dollars, representing the additional ten degrees of permanent partial disability recommended by the commission and making a total of forty degrees.

On June 8, 1932, claimant took an appeal from the department's decision to the superior court for Thurston county. The cause came on for trial on November 15, 1932. Claimant introduced the departmental file and rested. The department then offered additional evidence through the testimony of three physicians. The physicians testified that an examination of the claimant made by them on the morning of the trial revealed that claimant's spine was then in an inflammatory state of complete immobilization due to hypertrophic arthritis, rendering him almost entirely disabled. One of the witnesses further testified that the arthritic condition was not caused by the injury, but that it might have been aggravated by it.

The court took the case under advisement and later entered an order remanding the case to the department for further consideration. The court's order was based upon a recital contained therein to the effect that, certain facts having developed since the appeal which were not known, and could not have been known, to the department at the time that it had passed on the claim, and which claimant had had no opportunity of developing by competent testimony, further hearing by the department was therefore necessary. From this order, both parties have appealed.

The claimant's contention is that the court erred in failing to order the department to classify him on a loss of earning power basis as of January 7, 1932, instead of on a permanent partial disability basis. In

his brief, claimant admits that he was satisfied with the court's disposition of the matter until he learned that the department intended to take an appeal, whereupon he himself had decided to question the failure of the court to pass upon the merits of the case.

The department's contentions are (1) that the court erred in failing to give judgment in favor of the department, and (2) that the court erred in referring the case to the department for further hearing.

■ Rem. Rev. Stat., § 7697, so far as it is material here, provides:

"If the court shall determine that the department has acted within its power and has correctly construed the law and found the facts, the decision of the department shall be confirmed; otherwise, it shall be reversed or modified. In case of a modification or reversal the superior court shall refer the same to the department of labor and industries with an order directing it to proceed in accordance with the findings of the court."

The court did not confirm, reverse, or modify the decision of the department, nor did the court make any determinative findings of its own indicating the basis on which the department should proceed. It merely ordered the department to consider the matter further, in the light of the facts as developed at the trial. The department had made its final order, based on findings, which fixed the condition of the claimant at the time that such order was made. That order determined just one thing, namely, that claimant's classification was one of permanent partial disability.

It was the court's function, on the appeal, to determine whether that order was right or wrong, wholly or in part. If the court felt that the facts adduced by the subsequent testimony did not affect the basis of the decision made by the department, the court should have confirmed the departmental decision. If the court felt that those facts did affect the basis of that deci-

sion, it should have reversed or modified the decision, at the same time indicating by its findings the basis on which the department should proceed. But if the court was simply of the opinion that the testimony at the trial indicated that claimant's condition had changed subsequent to the decision of the department, or that an aggravation of the injury had developed since that time, the court could not consider that phase of the matter in the proceeding then before it. The law makes full provision for a readjustment of compensation in case of aggravation of disability.

Claimant relies upon the case of *Cole v. Dept. of Labor and Industries,* 137 Wash. 538, 243 Pac. 7, as supporting the court's disposition of the matter by remanding the case to the department. In the *Cole* case, the department had made no classification of the claimant at all, but had rejected the claim entirely. The superior court, on appeal, not only reversed that order, but went further and determined the claimant's classification, a matter which the department had not passed upon. This court held that the trial court, in that case, had no jurisdiction to make the classification, because that was a matter within the exclusive jurisdiction of the department, on which it had never functioned. In this case, the department had functioned upon the matter of classification, whether correctly or incorrectly. By adopting one classification, it had necessarily rejected all others. Therefore, the only jurisdiction which the superior court had upon the appeal was to determine whether the department's decision was right or wrong, and, if wrong, to point out the classification which the department should have adopted. The *Cole* case, therefore, is not applicable here.

Our conclusion necessitates the reversal of the order made by the superior court, with direction to that court

to determine from the evidence before it whether the decision of the department should be confirmed, reversed or modified, and to enter its findings and judgment accordingly. It is so ordered.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.