[No. 32292. Department One. April 23, 1953.]

DON R. SALESKY, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Defendant,* KAISER ALUMINUM & CHEMICAL CORPORATION (PERMANENTE METALS CORP.), *Appellant.*[1]

*Keith, Winston, MacGillivray & Repsold, John T. Day,* and *E. Lawrence White,* for appellant.

*Lindberg & Ryan,* for respondent.

[1]Reported in 255 P. (2d) 896.

MALLERY, J.—The claimant; an employee of Permanente Metals Corporation, made a claim for an injury alleged to have occurred on August 24, 1948. The supervisor of industrial insurance, department of labor and industries, on March 27, 1950, made a final award to the claimant of twenty-five per cent permanent partial unspecified disability.

On May 18, 1950, claimant appealed from this order to the board of industrial insurance appeals, which granted him a hearing. At the close of the hearing, motions were made by the employer and the department to dismiss the appeal. On June 21, 1951, the board of industrial insurance appeals granted these motions. The claimant thereupon appealed from that order to the superior court.

The trial court did not submit the case to the jury, but, instead, entered the following order:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this case is referred back to the Department of Labor and Industries and the Board of Industrial Insurance Appeals with directions to the Board to deny the motions for the dismissal of plaintiff's appeal and to incorporate in the record the evidence submitted by the Department of Labor and Industries upon which the disability award of 25% was based and to incorporate in the record the proof by the employer to the effect that the injury of the claimant was not in the course of his employment."

The record sent to the superior court on appeal contains all the evidence introduced at the hearing before the board of industrial appeals. The trial court has attempted to cause contents of the file of the department of labor and industries in this case to be added to the record of the hearing.

The trial court has no power to enter such an order. In *Ivey v. Department of Labor & Industries,* 4 Wn. (2d) 162, 102 P. (2d) 683, we said:

"In that portion of the judgment . . . wherein the department is directed to reopen the case . . . the court assumed a directory and supervisory power over the department which it does not possess. . . .

". . . They [superior courts] are given the power to review, and that only, . . .

" . . . their [superior courts] jurisdiction is limited by the statute to reviewing the evidence already taken, and, in so doing, they must accept the determination of the department as *prima facie* correct, and only to be set aside if the burden of proof has been met by the party attacking it; . . .

" . . . the evidence in the record, as it stood, being to the court's mind so conflicting that it could not decide the question presented. That, of course, must necessarily mean that the claimant had not sustained the burden of proof required of him by the statute. *The court could not remand the case for the taking of additional evidence.* Under the circumstances shown, the only lawful action it could take was to affirm the decision of the department." (Italics ours.)

See, also, *Boone v. Department of Labor & Industries,* 174 Wash. 123, 24 P. (2d) 454; *Gross v. Department of Labor & Industries,* 177 Wash. 675, 33 P. (2d) 376; *Strmich v. Department of Labor & Industries,* 31 Wn. (2d) 598, 198 P. (2d) 181.

It appears from the record of the hearing before the board of industrial insurance appeals that claimant, who was six feet seven inches tall and weighed two hundred thirty pounds, prior to the day in question had not suffered any disability in his back. With regard to that day, he testified:

"Well, I was putting—I had a roll on one of these benches, and I was putting a split thread and a ring on this roll, these threads fit around the roll, and this ring goes around the thread as a nut, and has also got threads, and I lifted up this ring to put on these threads, and put it on, and I left her hang, for about that time and I went to lunch, and I sat down and ate lunch, and when I went to get up, I couldn't get up, I was stooped over and couldn't straighten up."

After this occasion, claimant sometimes could not get out of bed in the morning or put on his shoes. Since, then, he has worn a sacroiliac belt when he does light work. He has had no medical treatment other than the prescription for his belt, except heat treatments and massage administered by his wife. He did not testify to any particular incident which caused the strain in his back. However, he reported

to the first-aid station the following day, and then went to a hospital for three days.

At the hearing before the board of industrial insurance appeals, claimant was permitted to put on the testimony of Dr. Joseph B. Sweeney out of order, as a convenience to the witness. Dr. Sweeney did not treat claimant, but examined him for the purpose of testifying at the hearing. In addition to making a personal examination of the claimant, he had read an interpretation of the X-ray report in the files of the department of labor and industries, and had an X-ray report from the Sacred Heart hospital read to him. As to the doctor's objective findings, he testified as follows:

"Physical findings, looking at his back, a normal back, there is nothing there that would lead me to believe he had an injury."

Claimant's counsel then asked Dr. Sweeney the following hypothetical question:

"Doctor, in this particular case, presuming that the claimant in this case, while working for the Permanente Metals Corporation, while lifting a heavy pair of split rings, weighing between 80 and 100 lbs., sustained a catch in the small of his back, and within a half an hour of his injury his condition became quite a bit worse, and he was barely able to walk home from work that night and later he was sent to the hospital for three days, and further presuming, Doctor, that they gave him a low back support, and later advised him to do light work only, incorporating those presumptions and the presumption that Mr. Salesky had a previous congenital back disability, do you believe, in view of your own examination, your own findings, and with the presumptions which I have now given you, do you believe that this man has any specific disability in his back?"

The only other witness to testify at the hearing was the claimant. It was, of course, incumbent upon him to supply the material facts included in the hypothetical question or the doctor's testimony would be subject to be stricken. Claimant testified as summarized earlier in the opinion, and left out the following material matters included in the hypothetical question: (a) that he had sustained a catch in the small of his back; (b) that he had an injury which he noticed

at any particular time or particularly within half an hour; (c) that his condition became worse; (d) or that he was barely able to walk home that night. On the contrary, he testified, in effect, that he noticed nothing until after he started to get up after lunch, when he got a catch in his back.

On the trial in the superior court, appellant objected to the admission of the answer to the hypothetical question. The trial court overruled the objection. This is assigned as error. The objection should have been sustained. An answer to a hypothetical question is admissible only when there is testimony in the record as to the hypothesis upon which the question is based. See 2 Jones on Evidence (4th ed.) 694, § 371; and *Swanson v. Hood*, 99 Wash. 506, 170 Pac. 135.

Without the benefit of the doctor's testimony in answer to the hypothetical question, the claimant did not make a *prima facie* case to go to the jury.

In view of this state of the record, it would be an idle thing to remand this cause to the superior court with directions for it to pass upon the sufficiency of the evidence.

Accordingly, the judgment is reversed, and the cause remanded to the superior court with directions to dismiss the appeal.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.