[No. 34410. Department Two. April 17, 1958.]

LESTER KIEHN et al., Respondents, v. SPRAGUE SCHOOL DISTRICT No. 8, Appellant.[1]

[1] Reported in 324 P. (2d) 446.

*Hamblen, Gilbert & Brooke* and *Willard A. Zellmer,* for appellant.

*Robert Anderson* and *Wm. E. Hennessey,* for respondents.

FOSTER, J.—Respondents, husband and wife, plaintiffs below, sued the school district for damages resulting from a collision of their automobile and a school bus. Upon the school district's appeal, the judgment against it must be reversed because of the erroneous admission of evidence.

On the occasion in question, while the respondents' oncoming car was in full sight, the appellant's school bus driver attempted a left turn across its path. The engine of the school bus stopped when that vehicle was at or near the highway center stripe, but the bus driver, instead of stopping, allowed the bus to coast into the respondents' lane of travel. The respondents' car struck the school bus broadside with sufficient force to drive it several feet.

One of the affirmative defenses of the appellant school district was that the respondents were violating the speed limit of sixty miles per hour. To prove the contrary, respondents called a member of the state highway patrol, who qualified as an expert in determining vehicular speed from skid marks, which, by uncontradicted testimony, measured 98½ feet.

The witness was asked if, from his experience, he could state approximately the speed of a car which left skid marks of 98 feet. Upon objection, before permitting the witness to answer, the court allowed the appellant's counsel to cross-examine the witness, who stated unequivocally that he was unable to express any opinion as to speed based

upon skid marks plus damage after collision. Upon being assured by the respondents' counsel "I wasn't, in short, asking specifically how fast this car was going at this time but I was asking how fast a car would be going to lay down a skid mark of 98 feet," the court overruled the objection. Up to this point there was no error, but respondents' counsel then reframed the question and added the words "and at that time stop," while the uncontradicted evidence was that the respondents' car did not stop after laying down skid marks of 98 feet, but collided with the school bus, driving it several feet.

■ The added hypothesized fact, "and at that time stop," is contrary to the undisputed evidence. Overruling appellant's objection was, therefore, erroneous. 2 Wigmore on Evidence (3d ed.) 805, § 682; *Salesky v. Department of Labor & Industries,* 42 Wn. (2d) 483, 487, 255 P. (2d) 896; *Stanley Co. of America v. Hercules Powder Co.,* 16 N. J. 295, 108 A. (2d) 616, 45 A. L. R. (2d) 1106; 32 C. J. S. 347, 352, § 551, note 75.

This witness was then asked if he had an opinion as to whether the respondents were speeding or not at the time of *this* accident, to which timely objection was interposed that the witness had already stated he could not express an opinion upon that hypothesis. Nevertheless, the court overruled the objection. Whereupon, the witness' answer was:

"No, I have nothing there to show—there was nothing at the scene of the accident to show me that the vehicle was speeding."

Thereafter, on cross-examination,[2] the witness readily admitted that the skid marks only indicated the minimum and not the maximum speed. The witness further admitted on cross-examination that he had previously told appellant's counsel he believed the respondents were violating the speed limit at the time of the accident.

---

[2]The cross-examination of the respondents' witness on this point does not waive the objection. 53 Am. Jur. 127, 128, § 143, note 10; 89 C. J. S. 504, 507, § 661. Earlier cases to the contrary are collected in 33 L. R. A. (N.S.) 103, 105.

■ Appellant assigns error on the overruling of its objections. Respondents, on the other hand, contend that the error, if any, was harmless. We decide otherwise. One of the important issues to be determined by the jury was the affirmative defense of the respondents' contributory negligence in violating the speed limit. The testimony was offered for the purpose of showing that respondents did not violate the speed limit. The undisputed evidence is that, in addition to the skid marks, the respondents' car was traveling with sufficient momentum to drive the school bus several feet after the impact. The witness stated unequivocally that he was unable to express an opinion as to the speed of the respondents' car based upon skid marks plus damage after collision. Yet, the court permitted the witness to state to the jury that there was nothing at the scene of the accident to indicate excessive speed. The overruling of appellant's objection was, therefore, error.

■ While we cannot hold that the verdict is excessive, nevertheless, thirty thousand dollars is a substantial award, and it is impossible to say that the jury was not influenced by the admission of the improper evidence. We think the controlling rule well stated in 5 C. J. S. 956, 973, § 1724 (c(3)), as follows:

"On the other hand, error in admitting evidence may be deemed to be prejudicial where it is impossible to determine in the particular case whether or not the jury were, in the admission of the evidence complained of, unduly influenced in reaching the verdict which was actually returned in the lower court."

Our cases are in accord. *Oyster v. Dye,* 7 Wn. (2d) 674, 110 P. (2d) 863, 133 A. L. R. 720; *Lundberg v. Baumgartner,* 5 Wn. (2d) 619, 106 P. (2d) 566.

■ One other assignment of error requires notice. Appellant complains of the refusal of the trial court to give a requested instruction on the subject of unavoidable accident. The trial court's ruling was correct. The emergency was of the bus driver's own making. The engine of the school bus stopped at or near the center dividing line of the highway. The sudden emergency was not created by the

failure of the engine but by the bus driver coasting across into the opposite lane of travel, instead of stopping. to permit respondents' oncoming car safe passage. The defense of unavoidable accident is not available when the emergency is created by the negligent act of the defendant (appellant). 65 C. J. S. 1263, 1264, § 301, note 96; 10C Blashfield, Cyclopedia of Automobile Law & Practice (Perm. ed., 1957) 115, 121, ch. 139, § 6698.

The judgment is reversed and a new trial ordered.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

