[No. 1763-2.    Division Two.    June 5, 1975.]

*In the Matter of the Welfare of* TRACY R. CLEERE.

David W. Murdach and Healy & Godderis, for appellant.

Donald F. Herron, Prosecuting Attorney, and Mary Howarth, Deputy, for respondent.

JOHNSON, J.*—A petition was filed in the Juvenile Court of Pierce County, alleging that Tracy R. Cleere had participated in three burglaries, of the Burnett, Jensen and Boren residences in Pierce County, and was therefore a delinquent under RCW 13.04.010.

The court found beyond a reasonable doubt that Tracy had participated in two of the three burglaries, and therefore adjudged him to be a delinquent. He was committed for a period of 30 days to the diagnostic facility at Cascadia for an evaluation to assist the court in the dispositional hearing.

■ A writ of certiorari was issued by this court to review the alleged irregularities claimed to have occurred at the finding of fact (adjudication) hearing in juvenile court. The State moved to quash the writ on the ground that the finding of delinquency at the adjudicatory hearing is not a final determination, as provided by Court of Appeals Rules on Appeal 57(b), which states in part:

> In addition to the writs that may be issued pursuant to (a) of this rule, an aggrieved party may petition the court of appeals for review of any *final determination* made by a superior court in any action or proceeding in which one or more of the following are present: [Italics ours.]

> . . .

> (3) *Juvenile Court Proceedings.* Where the determination is made by a juvenile court.

The Juvenile Court Rules provide for a bifurcated juvenile court procedure, with two separate and distinct hearings: fact finding (adjudication), JuCR 4.1, 4.3, and 4.4, and disposition, JuCR 5.3.

If the court, after hearing all of the evidence offered, finds the juvenile has committed all or any of the offenses alleged, then it adjudges him to be a delinquent. When the court has determined that the juvenile is a delinquent, then it subsequently determines what disposition should be made of the juvenile.

---

*Judge Bertil E. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

We are of the opinion that the finding of delinquency is a final determination within the rule. The motion to quash is therefore denied.

Briefly the facts are that 12 burglaries were committed in Pierce County by Gary Lien, who in his confession to Deputy Rauch of the Pierce County Sheriff's office implicated Tracy Cleere in three burglaries—those of the Burnett, Jensen and Boren residences. Deputy Rauch testified that all 12 burglaries were reported as Pierce County burglaries, and took place at Ponderosa Estates and at Prairie Ridge. The court took judicial notice that Ponderosa Estates and Prairie Ridge were in Pierce County. Deputy Rauch further testified as to Gary Lien's confession and on objection the testimony was limited, not "for the truth of the proof," but only as to "how [Tracy's] name happened to come up."

However, on cross-examination of the deputy, counsel for Tracy Cleere elicited all of the details of the confession, including the dates, places, property taken, the breaking and entry, and what part Tracy took in the burglaries.

Gary Lien was called as a witness for the State, but refused to testify to any facts. He was admonished by the court, an attorney was appointed to represent him, and the matter continued to a future date. At the continued hearing, Gary Lien was again called as a witness. The statement of facts reveals that he was a very reluctant witness, with a convenient nonmemory for many of the details. He did testify that Tracy took part in two burglaries, carried a gun from one, divided money from another, and was present when the property was cached. Lien described the property taken from the two burglaries. Tracy did not testify at the adjudicatory hearing and offered no evidence. A motion to dismiss was made at the close of the State's case, but denied by the court.

The petitioner makes 10 assignments of error, all of which have been taken into consideration in the following discussion.

At the outset it is argued that the petition charging the

petitioner was defective because of vagueness. RCW 13.04.060 provides in part, "Such petition shall be verified and shall contain a statement of facts constituting such . . . delinquency, . . ."

The petition in this case alleges,

Tracy R. Cleere is a delinquent boy according to R.C.W. 13.04.010 in that he did commit multiple burglaries in particular the burglary of Rash C. Burnett residence on or about 1-12-75; the Ronald D. Jensen residence on or about 10-20-74 and the Joel R. Boren residence on or about 10-19-74.

■ The requirements of the above statute, RCW 13.04.060, of JuCR 2.1, and of due process are satisfied when the verified factual allegations of a delinquency petition are specific and definite enough to fairly apprise the juvenile and his parents of the particular acts of alleged misconduct which will be inquired into at a subsequent adjudicatory hearing on the merits. *In re Lewis*, 51 Wn.2d 193, 316 P.2d 907 (1957); *State v. Bates*, 52 Wn.2d 207, 324 P.2d 810 (1958).

Generally speaking there are two types of vagueness that courts are called upon to consider: First, a charge that may be so vague as to fail to charge any offense whatsoever; and second, a charge which may state an offense but yet be so vague as to particulars as to render it subject to a timely motion for a more definite statement. *State v. Thomas*, 73 Wn.2d 729, 440 P.2d 488 (1968). The petition in this case, if it were vague, would fall in the second category. No motion to make the petition more definite was made.

Applying the above tests to the petition in this case, we are satisfied that the allegations are sufficient to fully advise the juvenile and his parents that the juvenile was accused of participation in three burglaries. Particularly does this seem so when it appears the petitioner was represented by counsel at the pertinent stages of the proceedings. He could have timely moved to make the petition more definite. *In re Richard*, 75 Wn.2d 208, 449 P.2d 809 (1969).

■ Petitioner next contends there was no proof the burglaries occurred in Pierce County. The rule in the matter of venue is that references to places recognized as within the county are sufficient proof. It is enough if it indirectly appears that the venue was properly laid. *State v. Smith*, 65 Wn.2d 372, 397 P.2d 416 (1964); *State v. Escue*, 6 Wn. App. 607, 495 P.2d 351 (1972). Deputy Rauch testified they were Pierce County burglaries, and the court took judicial notice that Ponderosa Estates and Prairie Ridge were in Pierce County.

■ It is true, as argued by petitioner, that the recital of Gary Lien's confession by Deputy Rauch was hearsay. Although the court restricted its admissibility, it would have been wiser not to have admitted it for any purpose. However, counsel for petitioner thoroughly went over every detail of the confession in his cross-examination of the deputy. If there were any error, the petitioner waived his objection to that error. *State v. Hopkins*, 71 Wn.2d 10, 426 P.2d 496 (1967).

■ Petitioner argues that the state failed to establish the corpus delicti of the burglaries, particularly insofar as proof depended upon the testimony of Gary Lien. Gary Lien was not the accused in this case. He was an accomplice who was called as a State's witness. It is the general rule in this state that a conviction may rest upon the uncorroborated testimony of an accomplice. *State v. Claassen*, 131 Wash. 598, 230 P. 825 (1924); *State v. Carothers*, 84 Wn.2d 256, 525 P.2d 731 (1974). The fact that a witness is an accomplice goes only to the credibility of his testimony. *State v. Eichman*, 69 Wn.2d 327, 418 P.2d 418 (1966). The corpus delicti was established by the testimony of both Deputy Rauch and Gary Lien. *State v. Rochelle*, 11 Wn. App. 887, 527 P.2d 87 (1974).

Regarding petitioner's contention that the court erred by examining the social file in this case, we note that JuCR 4.4(a) provides in part: "No social file or social study shall be *considered* by the court in connection with the fact

finding hearing." (Italics ours.) The record discloses that the court did look through the social file for a police report, but did not find it. There is no showing or suggestion that the court *considered* any of the social file in its adjudication of delinquency.

A certain amount of ambiguity furnishes the basis for petitioner's next assignment of error. JuCR 4.4(c) provides in part: "If the court decides to retain and exercise jurisdiction, it shall make written findings of fact." JuCR 5.3(c) provides: "The court shall make written findings of fact and conclusions of law in connection with an order of disposition, if they have not already been made at a fact finding hearing." These two rules leave some doubt as to whether separate findings of fact are necessary regarding both phases of a juvenile court hearing. Here the court's findings of fact regarding the adjudicatory phase of the hearing also included some matters of disposition. After reading the entire record, we believe that the petitioner was not in any manner prejudiced by this combination of findings.

■ Finally, as to petitioner's assertion that the State did not prove the petitioner guilty beyond a reasonable doubt, we need only state that it is not our prerogative to substitute our judgment for that of the trier of the facts. There was substantial evidence here from which the trier of the facts (the juvenile court judge) could find beyond a reasonable doubt the allegations of the petition and adjudge the petitioner a delinquent.

We find no error, and therefore affirm the order of the juvenile court.

ARMSTRONG, C.J., and PETRIE, J., concur.

Petition for rehearing denied July 15, 1975.

Review denied by Supreme Court September 23, 1975.