[No. 2529-3. Division Three. September 26, 1978.]

EARL M. STOREY, ET AL, *Respondents,* v. BETTE J. STOREY, *Appellant.*

---

*Collins & Hansen* and *Nels A. Hansen,* for appellant.

*Velikanje, Moore & Shore* and *John S. Moore,* for respondents.

ROE, J.—This intra–family dispute involves a $75,000 promissory note which plaintiff Earl Storey[1] claims was signed by his brother William Storey, who died in 1973, and by his widow, defendant Bette Storey. After a trial lasting 5 days, the jury gave its verdict for the defendant: in response to special interrogatories, the jury found that neither William's nor Bette's signatures on the note were genuine, and volunteered that the note lacked consideration. Subsequently, the trial court granted the plaintiff's motion for a new trial.

---

[1] Earl Storey will be referred to in this opinion as the sole plaintiff.

■ First, defendant challenges the sufficiency of the order granting a new trial, claiming that it does not adequately recite reasons of law and fact, as required by CR 59(f).[2]

> The purpose of the rule would be frustrated if the reasons in the order were not stated in sufficient detail to enable review without resort to debatable inference and speculation.

*Williams & Mauseth Ins. Brokers, Inc. v. Chapple,* 11 Wn. App. 623, 628, 524 P.2d 431 (1974). The order clearly specifies the facts upon which it is based. The court stated:

> That on numerous occasions, when the defendant, Betty J. Storey, was a witness, she responded to questions with improper, unresponsive answers and volunteered remarks prejudicial to the plaintiffs. . . . That the unresponsive answers and remarks by the defendant were not inadvertent or innocently made but were given for the purpose of influencing the jury in favor of defendant and placing plaintiffs in a bad light before the jury.
>
> . . .
>
> That in addition, defendant volunteered testimony about plaintiffs' accounts in different banks in the names of different persons in unresponsive answers to questions propounded. The misconduct of defendant in volunteering said testimony was so flagrant that no instruction or admonition to the jury could remove the harm caused.
>
> . . . that the cumulative effect prejudiced the jury against the plaintiffs and could not be overcome by curative instructions to the jury by the Court. That as a result of defendant's misconduct, plaintiffs were prevented from having a fair trial.

Finally, with respect to testimony of Sandra Grooters, discussed below, the trial court stated:

---

[2]"In all cases where the trial court grants a motion for a new trial, it shall, in the order granting the motion, state whether the order is based upon the record or upon facts and circumstances outside the record which cannot be made a part thereof. If the order is based upon the record, the court shall give definite reasons of law and facts for its order. If the order is based upon matters outside the record, the court shall state the facts and circumstances upon which it relied."

That the question and answer were prejudicial to plaintiffs and a curative instruction would not have been sufficient to remove the prejudicial effect upon the jury.

These selections clearly show that the factual bases for the court's order appear in the record, and that its legal basis is that such prejudice arose as to have denied the plaintiff a fair trial. The rule does not require that the order include specific page references to the verbatim report of proceedings. This court need not "resort to debatable inference and speculation" to review the trial court's order; thus, the rule's purpose has been fulfilled.

The next issue is whether the reasons given by the trial court adequately support its order. New trials may be granted because of irregularity in the proceedings, because of misconduct of the prevailing party, or because of accident or surprise, CR 59(a).[3] A new trial was granted here because both the defendant and her daughter, witness Sandra Grooters, interjected inadmissible testimony on immaterial issues, and because the trial court found as a fact that prejudice arose which could not have been cured by an admonitory instruction. A most serious occasion was as follows:

Q Do you know why Earl and Ann Storey didn't write checks in their own names?
A Yes. Because he has a hundred thousand dollar lawsuit with Time Oil. He also has thirteen other lawsuits plus seven he is involved in.

As soon as the jury had left the courtroom, plaintiff moved for a mistrial because of defendant's answer. The court

---

[3]CR 59(a) reads in part:

"The verdict or other decision may be vacated and a new trial granted to all or any of the parties and on all or part of the issues when such issues are clearly and fairly separable and distinct, on the motion of the party aggrieved for any one of the following causes materially affecting the substantial rights of such parties:

"(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;

"(2) Misconduct of prevailing party . . .

"(3) Accident or surprise which ordinary prudence could not have guarded against;"

reserved its ruling. Plaintiff also moved for a mistrial because of the following exchange during redirect examination of Sandra Grooters:

Q Why did you think that [the note] was another big hoax?

A Because he had pulled a couple other ones.

Even as he denied plaintiff's motions, the trial judge expressed doubt that an admonitory instruction could adequately cure the resulting prejudice.

> [T]he trial court is given the discretion to determine whether appellant has been deprived of a fair trial by reason of the injection of an immaterial issue. The trial judge is in the courtroom and can evaluate first hand the statements made and what effect, if any, they have on the jury. In the absence of a showing of abuse of such discretion, his judgment will not be overturned.

*Church v. West,* 75 Wn.2d 502, 506, 452 P.2d 265 (1969).

■ The order does not, however, rely solely on these two events; defendant's testimony, which is throughout a pastiche of unresponsive answers and volunteered information, caused a cumulative prejudicial effect much greater than that arising solely from the instances quoted. Plaintiff's brief asserts that defendant Bette Storey volunteered 35 unresponsive and prejudicial statements in the course of giving testimony which covers 47 pages in the record. We note that our own reading of defendant's testimony disclosed 27 times (by conservative count) wherein the trial court ordered defendant's answers stricken or admonished her to be responsive to the questions asked. The cumulative effect of many errors may sustain a motion for a new trial even if, individually, any one of them might not. *State v. Simmons,* 59 Wn.2d 381, 368 P.2d 378 (1962).

■ Defendant also argues, however, that no prejudice could have resulted since the trial court did give curative instructions to the jury, which is presumed to follow those instructions. It is true that juries are presumed to follow the court's instructions, *State v. Cerny,* 78 Wn.2d 845, 480 P.2d 199 (1971), *modified,* 408 U.S. 939, 33 L. Ed. 2d 761,

92 S. Ct. 2873 (1972); *Balandzich v. Demeroto,* 10 Wn. App. 718, 519 P.2d 994 (1974), but that presumption is inapplicable to this case since the trial court found as a fact that the prejudice was incurable. Such a finding overrides the presumption. The pain resulting from an evidential harpoon frequently is exacerbated by extraction, and the prejudice may be compounded by an instruction to disregard. *State v. Taylor,* 60 Wn.2d 32, 371 P.2d 617 (1962).

■ With reference to the court's finding respecting Sandra Grooters, defendant argues that misconduct of a mere witness, who is not a party to the action, cannot support the grant of a new trial. The misconduct which occurred here does constitute irregularity in the proceedings or accident or surprise.[4] It has been recognized that a witness' misconduct can require a new trial. *State v. Taylor, supra; State v. Devlin,* 145 Wash. 44, 258 P. 826 (1927). Why the same prejudicial remark could support granting a new trial when made by a party but could not when made by a nonparty witness eludes us. Thus, we need not discuss plaintiff's claim that Sandra Grooters' misconduct may be attributed to her mother, the defendant, and hence constitute misconduct of a party under CR 59(a)(2).

Finally, defendant argues that plaintiff Earl Storey waived his objections by adducing his own testimony to rebut defendant's interjections. Plaintiff testified, respecting three checking accounts in other family members' names, that he possessed the canceled checks from those accounts and no others. He also mentioned no more than five prior lawsuits in which he had been involved, but gave details of only two.

The rule respecting waiver of objections has been set out in *Sevener v. Northwest Tractor & Equip. Corp.,* 41 Wn.2d 1, 15, 247 P.2d 237 (1952):

> While a party does not waive his objection to the admission of incompetent evidence by subsequently introducing evidence in self–defense to explain or rebut

---

[4]CR 59(a)(1), (3); see footnote 2.

the incompetent evidence, he may be subsequently using it for his own purposes, or by introducing evidence similar to that already objected to, waive his objection.

The rule exists to forestall unnecessary new trials, and seems to apply to two general types of cases. First, if the prejudice arising from inadmissible testimony has somehow been cured, either by the objector's fully developing otherwise misleading testimony, *State v. Golladay,* 78 Wn.2d 121, 470 P.2d 191 (1970), or by the objector's confirming the inadmissible evidence with admissible evidence of his own, *Hewitt v. Seattle,* 62 Wash. 377, 113 P. 1084 (1911), the objection is deemed waived because the prejudicial effect has been dissipated. Second, the objector is in essence estopped to appeal admission of objectionable evidence when he has used it on his own behalf, *Sevener v. Northwest Tractor & Equip. Corp., supra,* or pursued the matter so extensively as to compound the prejudice, *Glazer v. Adams,* 64 Wn.2d 144, 391 P.2d 195 (1964); *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952); *In re Cleere,* 13 Wn. App. 611, 536 P.2d 182 (1975). In the first type of case a new trial is unnecessary because the first one was fair. In the second type, it is unfair to require the effort and expense of another trial when the objecting party has either put the evidence to his own use or completely spoiled a trial which otherwise could have been salvaged. It has also been held that cross–examining an expert witness with respect to an inadmissible answer given by that witness does not waive an objection to admissibility of the testimony. *Weissman v. Department of Labor & Indus.,* 52 Wn.2d 477, 326 P.2d 743 (1958); *Kiehn v. Sprague School Dist. 8,* 52 Wn.2d 565, 324 P.2d 446 (1958). We note that none of these cases, nor any others cited to this court, involved a trial judge's granting a new trial and being reversed because the grounds relied upon had been waived by the moving party.

    Here, plaintiff introduced some testimony in an attempt to clarify matters and mitigate the prejudice, but

did not go so far as to preempt the inadmissible evidence to his own behalf. Since the objectionable statements had been made, plaintiff effectively was forced to enter into certain areas and present his own testimony in self-defense. Since the trial court had reluctantly denied his motions for mistrial, plaintiff was obliged to attempt to counter the prejudice which had arisen; he was not required to rely upon a motion, yet to be made, for a new trial. We hold that his unsuccessful attempts to mitigate the prejudice accruing from defendant's volunteered remarks did not constitute a waiver of his objections to them.

When reviewing a trial court's disposition of a motion for a new trial, it is the rule that

an order granting or denying a new trial is not to be reversed unless it be for an abuse of discretion, and that a much stronger showing of an abuse of discretion will be required to set aside an order granting a new trial than one denying it.

*Baxter v. Greyhound Corp.,* 65 Wn.2d 421, 437, 397 P.2d 857 (1964).

Particularly where the claimed grounds for a new trial involve the assessment of occurrences during the trial and their potential effect on the jury, we will accord great deference to the considered judgment of the trial court in ruling on such a motion.

*Levea v. G.A. Gray Corp.,* 17 Wn. App. 214, 226, 562 P.2d 1276 (1977). We find no abuse of discretion in the trial court's grant of a new trial. The record discloses an experienced trial judge patiently attempting to cope with a difficult witness who was constantly unresponsive even after he had thoroughly admonished her about the impropriety of her actions. He tried to salvage a deteriorating trial, and gave as good a set of admonitory instructions as possible. The record amply supports his action in granting the plaintiff's motion for a new trial.

378

The order is affirmed.

MUNSON, C.J., and MCINTURFF, J., concur.

Reconsideration denied October 23, 1978.

Review denied by Supreme Court February 16, 1979.