612 P.2d 1173

PINE CREEK RANCHES, INC., a
Delaware Corporation, Plaintiff,

v.

Clark D. HIGLEY and Frances Colleen
Higley, husband and wife, Defendants.

Clark D. HIGLEY and Frances Colleen
Higley, husband and wife,
Cross-Plaintiffs,

v.

PINE CREEK RANCHES, INC., a Dela-
ware Corporation, Cross-Defendant,

and

John Z. DeLorean and Roy Nesseth,
Third Party Defendants.

JOHN Z. DeLOREAN CORPORATION, a
Foreign Corporation, Intervenor
and Appellant,

v.

Clark D. HIGLEY and Frances Colleen
Higley, husband and wife, Defendants
in Intervention and Respondents.

No. 12925.

Supreme Court of Idaho.

May 28, 1980.

Rehearing Denied July 22, 1980.

Callis A. Caldwell of Johnson & Olson, Pocatello, for intervenor-appellant.

Eugene L. Bush of Sharp, Anderson & Bush, Idaho Falls, for defendants in intervention and respondents.

SHEPARD, Justice.

This is an appeal from a decision of the district court in favor of defendants and cross-plaintiffs Higleys in an action to recover for the care and feeding of cattle owned by John Z. DeLorean Corporation.

Although a rendition of the facts is not necessary to the decision, we indulge in a brief summary thereof. The Higleys contracted to lease with an option to purchase certain real property from Pine Creek, Inc. The Higleys also purchased all the cattle, equipment and hay thereon. They financed the option and the purchase of the personal property by signing over their farm in Minidoka County valued at $520,000.00 to John DeLorean, one of the owners of Pine Creek, Inc., and by obtaining additional financing from First Security Bank. Pine Creek, Inc. retained a security interest in the personalty which was subordinate to the security interest of the bank. The Higleys became unable to meet the annual $189,000.00 rental in April of 1977, and they sold the cattle back to Pine Creek, Inc. Those proceeds were applied to the rent of the ranch and the interest on the bank loan. Pine Creek, Inc. then sold the cattle to the John Z. DeLorean Corporation. That corporation is owned by John DeLorean and Roy Nesseth, who also own Pine Creek, Inc.

The Higleys fed and cared for the cattle from April, 1977, to January, 1978. Pine Creek, Inc. subsequently sued the Higleys to evict them from the real property for failure to pay the rent, to collect monies owing and unpaid, and to terminate the lease. The Higleys thereupon counterclaimed against Pine Creek, Inc., claiming an agister's lien for the care and feeding of the cattle.

Following a hearing on November 1, 1977, the court refused Pine Creek, Inc. any interim relief and refused to restrain the Higleys in any way. In December, 1977, the Higleys, who still had possession of and were caring for the cattle, sought to summarily foreclose their agister's lien. Thereupon, the John Z. DeLorean Corporation intervened seeking to enjoin the Higleys from selling the cattle to satisfy the lien. At a hearing on December 16, 1977, the John Z. DeLorean Corporation stipulated that the issues then before the court were the validity and amount of the lien and the adequacy of the bond posted to secure possession of the cattle. Following that hearing, the district court entered its memorandum decision finding the DeLorean Corporation liable to the Higleys in the amount of $64,067.69 representing the costs incurred in the care and feeding of the cattle until December 1, 1977. Therein the Higleys were ordered to turn possession of the cattle over to DeLorean Corporation upon the posting of a $100,000.00 bond by DeLorean Corporation.

The DeLorean Corporation's liability to the Higleys was later revised upward to $82,605.19 to represent the additional costs of keeping the cattle from December 1, 1977, until the DeLorean Corporation actually took possession of them. This appeal results.

Appellants first argue that the statute granting an agister's lien, I.C. § 45–805, is facially unconstitutional because neither actual notice nor an opportunity to be heard is accorded to the owner of the property interest to be sold. Here, it is clear, however, that DeLorean Corporation received actual notice of the foreclosure sale and sought and obtained a hearing prior to the time of the proposed sale. An individual who has been accorded due process rights will not be heard to argue that an applicable statute is constitutionally deficient because it lacks due process guarantees. *Wiren v. Eide*, 542 F.2d 757 (9th Cir. 1976) (an individual who had actual notice cannot argue that the notice provided by statute is constitutionally defective); *Graham v. Board of Educ.*, 419 F.Supp. 1214 (E.D.Okl.1976) (student who had two hearings and one appeal cannot argue statute is

**328**

constitutionally defective in not providing for a hearing).

 DeLorean Corporation next argues that even if the statute is constitutional, the judicial proceedings were not. DeLorean Corporation argues that the appellant had neither sufficient notice of the Higley claims nor reasonable time to thoroughly investigate such claims. *See Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner"); *Gonzales v. United States*, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955) (the right to a hearing includes the rights to present evidence and a reasonable opportunity to know the claims of the opposing party). DeLorean argues that they had no notice because the court did not limit the hearing to the issues of the injunction and the bond amount, but also considered the validity of the lien and the amount thereof. We find such claim to be without merit. DeLorean Corporation requested and agreed to a hearing on the merits and both parties stipulated as to the issues to be decided by the court: " * * * the three issues are going to be, validity of the Lien, the amount of money, if there is a valid Lien, owing on the Lien, and third, whether or not a bond or other type of Order is adequate or is cash appropriate in the circumstances. * * *" Having agreed as to the issues to be presented, including the merits of the lien, appellant may not assert error. *See Grimm v. Pallesen*, 215 Kan. 660, 527 P.2d 978 (1974); *Green v. Green*, 579 P.2d 1235 (Mont.1978); *Storey v. Storey*, 21 Wash. App. 370, 585 P.2d 183 (1978). Having stipulated to the issues and, rather than asking for a continuance, stating that it was then ready to proceed, DeLorean will not be heard to assert that it was denied due process by lack of time for preparation. We further note that DeLorean presented its own witnesses to rebut the evidence of the Higleys, extensively cross-examined opposing witnesses, and forcefully argued its position to the court.

We have examined the remaining issue and find that it is without merit.

Affirmed. Costs to respondent.

DONALDSON, C. J., and BAKES, McFADDEN and BISTLINE, JJ.