Lindell HOUSTON, Appellant,

v.

The STATE of Texas, State.

No. 2–81–254–CR.

Court of Appeals of Texas,
Fort Worth.

July 14, 1982.

Discretionary Review Refused
Oct. 6, 1982.

Bill Wardlaw-Brown, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellees.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

A jury found Lindell Houston guilty of attempted murder and the trial court assessed his punishment at confinement in the Texas Department of Corrections for a period of 25 years.

We affirm.

■ Appellant's first ground of error is that the trial court erred in overruling his motion in limine by which he sought to have evidence of extraneous offenses repressed.

As appellant's counsel was cross-examining a State's witness this exchange took place:

Q. And you have threatened to have him killed, haven't you?

A. No, I have not.

Q. You threatened to do away with him—

A. No.

Q. —and put him in the penetentiary?

A. No. He sent himself there.

Appellant's counsel did not object to the witness' response. Complaint now is made that the trial court erred by not granting the motion in limine. It was stated in *Basham v. State,* 608 S.W.2d 677, 679 (Tex. Cr. App. 1980):

"To preserve error for review by this Court, the denial of a motion in limine is

simply not sufficient. There must be a proper objection to the proffered evidence."

Nothing was preserved for review. We overrule the first ground of error.

■ By his second ground of error appellant complains of the court's charge. Although appellant did not testify, the court's charge contains the following language which was included without objection by appellant's counsel:

"You are further instructed that if there is any testimony before you in this case regarding the defendant having committed offenses other than the offense alleged against him in the indictment, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense, if any were committed, and even then, you may only consider the same in determining the intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment, and for the purpose of aiding you, if it does aid you, in passing upon the credibility of the defendant as a witness for himself in this case, and to aid, if it does aid you, in deciding upon the weight you will give his testimony."

The focus of appellant's complaint is that the court's instruction amounted to a comment on appellant's failure to testify. It is important that the court's charge also contains this language:

"The law provides that the election of the defendant not to testify shall not be taken as a circumstance against him, and you must not allude to, comment on, or discuss in your deliberations the failure of the defendant to testify in this case, nor will you refer to or discuss with any other juror during your deliberations anything you might know, or may have heard, concerning the defendant, or the case, other than what you have heard from the witness stand during the trial."

Since no proper objection was made to the court's charge, no reversal is warranted unless the error, if any, was calculated to injure the rights of appellant or it appears that he has not had a fair and impartial trial. *Peterson v. State*, 508 S.W.2d 844, 848–49 (Tex. Cr. App. 1974); V.A.C.C.P. art. 36.19 (1966).

The jury had before it evidence of an extraneous offense which was relevant as to the issue of intent. Thus, that portion of the complained of charge was correct. While it is true that appellant did not take the stand and place his credibility in issue, it is also true that the jury was expressly instructed not to consider his failure to testify as a circumstance against him.

The court's charge must be *taken as a whole* and review is not limited to parts standing alone. *Pittman v. State*, 554 S.W.2d 190, 191 (Tex. Cr. App. 1977). We overrule the second ground of error.

■ Appellant's third ground of error is that he did not have effective assistance of counsel at trial. Appellant's argument is predicated on these omissions on the part of his trial counsel:

1. The failure of trial counsel to object to the witness' allusion to appellant's having sent himself to prison.

2. The failure to object to the State's reference, made during final argument, to appellant's having sent himself to prison.

3. The failure to object to the court's alleged improper charge to the jury.

■ The Sixth Amendment standard applied in Texas is whether a defendant is rendered 'reasonably effective assistance of counsel'. Errorless counsel judged by hindsight is not required. *Mercado v. State*, 615 S.W.2d 225 (Tex. Cr. App. 1981). The totality of representation is the gauge. Isolated instances of failure to object do not necessarily render counsel ineffective. *Passmore v. State*, 617 S.W.2d 682 (Tex. Cr. App. 1981).

A review of the record demonstrates that none of the errors were flagrant taken in context. The failure to object to the witness' allusion to appellant's having sent himself to prison was isolated. By the time

of final arguments, it was in evidence and properly within the scope of final argument. An objection at that point may have been futile.

We have discussed the court's charge and have found that appellant was not denied a fair and impartial trial thereby.

The judgment of the trial court is affirmed.