[No. 10402–1–I. Division One. December 30, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. SCOTT ALAN KOLOSKE, *Appellant.*

*Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert Ryan, Deputy,* for respondent.

WILLIAMS, J.—Scott Alan Koloske appeals from a judgment entered after a jury found him guilty of first degree

theft. We affirm.

At the end of the State's case, Koloske's counsel moved in limine for an order prohibiting the State from introducing a previous conviction for impeachment purposes. The trial court stated that:

> At this point I will not grant the motion.
>
> Certainly some relevant factors upon which my decision should be based already appear in the record. But I have no idea what either the defendant will testify to, or what his witnesses will testify to. So, I do not feel I could intelligently make a determination on the record as it exists at this time.
>
> I will ask the prosecutor, though, not to raise the impeachment until I've heard the testimony of the defendant and/or any witnesses who have testified up until the time he testifies, too.

In clarifying its ruling, the trial court stated:

> What I meant to indicate was I will rule upon the motion based upon the record as it appears at the time the State intends to go into it; whether it's at their initial cross–examination, or whether they recall the defendant.
>
> Certainly, if you wanted to have it ruled on on the record as it exists at the time he completes his direct examination, I will rule on it then and I will give you the option whether to hear the other witnesses.

During cross examination, the State asked Koloske if he had been convicted of theft. Koloske's counsel objected and requested a side–bar conference which was held but not reported. When trial resumed, the State questioned Koloske about exhibit 8, a copy of his previous judgment of conviction.

Koloske assigns error to the trial court's refusal to rule on his motion in limine, and the refusal to exclude his prior conviction under ER 609(a) and (c).

In *State v. Latham*, 30 Wn. App. 776, 780, 638 P.2d 592 (1981), *review granted*, 97 Wn.2d 1006 (1982), the court stated:

> [T]here are questions concerning admissibility of certain evidence that can and should be determined prior to trial by motions in limine for the benefit of the parties and

the proper administration of justice. After all,

> [t]he purpose of a motion in limine is to dispose of legal matters so counsel will not be forced to make comments in the presence of the jury which might prejudice his presentation.

*State v. Evans,* 96 Wn.2d 119, 123, 634 P.2d 845 (1981). Although not discussed in *Latham,* CrR 4.5 concerning omnibus hearings is the appropriate pretrial procedure for determining whether prior convictions are admissible for impeachment purposes under ER 609.

> The main purpose of Rule 4.5 is to consolidate the pre–trial motion practice of criminal cases. It is designed to serve the needs of cases destined for trial.
>
> Rule 4.5 is distinguished from existing practices and procedures prior to trial by four features: (1) it attempts to consolidate all pre–trial actions into one court appearance; (2) use of a checklist to ensure that all claims available to the defendant have been explored; (3) elimination of the customary papers filed with these claims; and (4) that claims not asserted, but known, at this time be waived.

Criminal Rules Task Force, *Washington Proposed Rules of Criminal Procedure,* Comment at 62 (West Pub'g Co. ed. 1971). *Accord, State v. Taylor,* 30 Wn. App. 89, 632 P.2d 892 (1981); *State v. Dault,* 19 Wn. App. 709, 578 P.2d 43 (1978). CrR 4.5(d) requires that all motions or other requests prior to trial be reserved for and presented orally at the omnibus hearing and failure to raise or give notice of any error or issue of which a party has knowledge may constitute waiver. CrR 4.5(d) also calls for a checklist substantially in the form provided in CrR 4.5(h) to be used at the hearing.

Washington's omnibus rule is "almost a verbatim adoption of § 5.3(a) of the *ABA Draft–Discovery,* and reflects the Task Force's intent to initiate the procedure in Washington." *Washington Proposed Rules of Criminal Procedure,* at 63. The ABA version, however, has an additional item:

5(g) Government to use *prior felony conviction for impeachment* of defendant if he testifies,

Date of conviction _____

Offense _____

(1) Court rules it (may) (may not) be used.
(2) Defendant stipulates to prior conviction without production of witnesses or certified copy (Yes) (No)

*ABA Standards Relating to Discovery and Procedure Before Trial,* app. C, at 139–40 (Approved Draft, 1970). Thus, the ABA rule requires the prosecution to give the defendant notice of whether it intends to use a prior conviction for impeachment purposes, whereas item 19 of the State's omnibus application (*see* CrR 4.5(h)) specifies that the defendant must state if his prior convictions will be stipulated or need be proved.

Because prior convictions were automatically admissible for impeachment purposes under RCW 10.52.030 before the Washington criminal rules were adopted, *State v. Ruzicka,* 89 Wn.2d 217, 570 P.2d 1208 (1977), there was no need to include as part of the omnibus checklist a section concerning the admissibility of prior convictions until ER 609 gave the trial court discretion to exclude them. *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980).

As the omnibus rule was intended to resolve all pretrial motions in criminal cases, the admissibility of prior convictions for impeachment purposes under ER 609 should be included, with the omnibus form containing a section relating to the admissibility of the defendant's prior convictions for impeachment purposes.

Under ER 609(a)(1) the State has the burden of proving that the probative value of the prior conviction offered for impeachment purposes outweighs its prejudicial effect. *United States v. Hendershot,* 614 F.2d 648 (9th Cir. 1980); *United States v. Gross,* 603 F.2d 757 (9th Cir. 1979); *United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867, 54 L. Ed. 2d 143, 98 S. Ct. 204 (1977); *United States v. Smith,* 551 F.2d 348, 39 A.L.R. Fed. 539

(D.C. Cir. 1976); *see generally* Annot., 39 A.L.R. Fed. 570, § 14 (1978). Therefore, the State should initially tell the defendant whether it intends to use a prior conviction for impeachment; the defendant should then say whether he objects.[1] After a decision on the issue thus joined, the court will rule on the record as required by CrR 4.5(f) and (h), and to assist in appellate review, state its reasons for the decision. *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981); *see State v. Agee,* 89 Wn.2d 416, 573 P.2d 355 (1977); CrR 3.5; CrR 3.6.

The trial court's ruling will be considered final for appellate review unless subsequently modified, and, unlike the advisory ruling concerning the manner of proving a prior conviction requested by the defendant in *State v. Wilson,* 29 Wn. App. 895 (1981), there need be no objection to admissibility at trial to preserve appellate review after an adverse ruling at the omnibus hearing.[2] *See United States v. Halbert,* 668 F.2d 489 (10th Cir.), *cert. denied,* 456 U.S. 934, 72 L. Ed. 2d 453, 102 S. Ct. 1989 (1982); *State v. Moore,* 33 Wn. App. 55, 651 P.2d 765 (1982). Of course, the trial judge may later modify the pretrial decision giving the reasons therefor if there is sufficient change in circumstances, *see United States v. Burkhead,* 646 F.2d 1283 (8th Cir.), *cert. denied,* 454 U.S. 898, 70 L. Ed. 2d 214, 102 S. Ct. 399 (1981); *United States v. Cook,* 608 F.2d 1175 (9th Cir. 1979), *cert. denied,* 444 U.S. 1034, 62 L. Ed. 2d 670,

---

[1]Item 19 of the State's omnibus application should read substantially as follows: (a) Defendant to state whether he agrees or objects to the admissibility of the following prior convictions for impeachment purposes: _____; (b) Defendant to state whether his prior convictions, if admissible, will be stipulated or need be proved. The omnibus application of the defendant should include an additional section requiring the prosecution to inform the defendant if it will use prior convictions for impeachment if he testifies and if so, what convictions. *See* Spears & Crawford, *Omnibus Proceedings in Federal Court,* 80 F.R.D. 353, 382 (1978).

[2]If the defendant does not testify after a ruling at the omnibus hearing that his prior convictions are admissible, he must make an offer of proof as required by *State v. Hebert,* 33 Wn. App. 512, 656 P.2d 1106 (1982) to preserve appellate review.

100 S. Ct. 706 (1980); *United States v. Jackson*, 405 F. Supp. 938 (E.D.N.Y. 1975), and any objection thereto must be stated for appellate review.

The midtrial procedure utilized in this case illustrates why the decision concerning the admissibility of prior convictions for impeachment purposes should be made at the pretrial omnibus hearing. The State did not discharge its burden of proving that the probative value of the conviction outweighed its prejudicial effect. For his part, Koloske did not provide sufficient information to enable the court to determine the importance of his testimony, nor did Koloske support his contention that the conviction was inadmissible under ER 609(c). Neither the State nor Koloske made offers of proof. As a result, the trial court had no basis for resolving the issue and there is no record for effective appellate review.[3]

But the use of the conviction for impeachment was harmless error, Koloske's guilt having been proven by overwhelming evidence. The victim, a painter, and Koloske had a dispute about money. There was substantial proof that Koloske first threatened to steal the victim's van because of the dispute, that he did so and then called the victim and his wife offering to return it for a sum of money. Later, three items of painting equipment, two of them bearing the victim's initials and having been in the van when it was taken, were recovered from Koloske's truck. Koloske's defense was an alibi. In light of the strength of the State's case, any error concerning the refusal of the trial court to

---

[3]We note that the omnibus procedure is not intended to be inflexible. *ABA Standards Relating to Discovery and Procedure Before Trial*, Std. 5.3, Commentary at 122 (Approved Draft, 1970). Although as many pretrial matters as is practicable should be considered at a single hearing, *ABA Standards Relating to Discovery and Procedure Before Trial*, at 116, "[i]f additional discovery, investigation or preparation, or evidentiary hearing, or formal presentation is necessary for a fair and orderly determination of any issue, the omnibus hearing should be continued from time to time until all matters raised are properly disposed of." CrR 4.5(e). Thus, the "omnibus hearing" may consist of two or more hearings before the same or different judges as required to promote the orderly and efficient administration of justice.

rule as to the admissibility of the prior convictions and also any alleged error concerning the later admission of the prior conviction did not, within reasonable probabilities, materially affect the outcome of the trial and was, therefore, harmless. *State v. Jones,* 33 Wn. App. 372, 656 P.2d 510 (1982).

Affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.

Reconsideration denied June 14, 1983.

Review granted by Supreme Court September 2, 1983.