[Nos. 49746–0, 49748–6.   En Banc.   January 26, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. SCOTT
ALAN KOLOSKE, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. JOEY
PATRICK AUSTIN, *Petitioner.*

*Nancy L. Talner* of *Washington Appellate Defender Association,* for petitioner Koloske.

*Appelwick, Trickey & Sluiter,* by *Michael J. Trickey,* and *Will Roarty* of *Eastside Defender Association,* for petitioner Austin.

*Norm Maleng, Prosecuting Attorney,* and *Robert C. Ryan* and *Deborah J. Phillips, Deputies,* for respondent.

DIMMICK, J.—Both petitioners in these consolidated cases challenge their convictions, alleging trial court error in making rulings under ER 609.[1] Petitioner Austin also

___

[1] ER 609(a) provides:

"**General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under

claims that the trial court erred in denying his new trial motion based on newly discovered evidence. The Court of Appeals affirmed the convictions. While we disagree with certain of the Court of Appeals pronouncements in these cases, we dismiss petitioner Koloske's petition for review and affirm petitioner Austin's conviction for the reasons discussed below.

## I
### State v. Koloske

Koloske was convicted in April 1981 of first degree theft in a jury trial. At trial, following the State's case, Koloske moved in limine to prohibit admission of his 1975 prior grand larceny conviction for impeachment purposes. The trial court denied his motion at that point, but indicated that a final determination would be made after Koloske had testified. Although the issue was again raised, with objection, during Koloske's cross examination, the record contains no ruling on the objection or the admissibility of the prior conviction. The record only indicates that an unrecorded sidebar conference was held.

In affirming his conviction on appeal, the Court of Appeals, Division One, held that the admissibility of the prior conviction for impeachment purposes should have been determined at the pretrial omnibus hearing. Koloske alleges error on several theories.

We do not reach his allegations, and dismiss the petition on an unrelated ground. Before oral argument in these cases, the State moved to dismiss Koloske's petition because his whereabouts were unknown. Affidavits indicate that Koloske has failed to contact his probation officer since August 1983; that he failed to appear for arraignment on other charges; that warrants are outstanding for his arrest.

The State contends that *State v. Mosley*, 84 Wn.2d

---

which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

608, 528 P.2d 986 (1974) and *State v. Nason,* 20 Wn. App. 433, 579 P.2d 366 (1978) compel dismissal of Koloske's petition. In *State v. Mosley, supra,* we ordered dismissal of a petition for review because defendant had escaped from custody and had not been apprehended. Similarly, in *State v. Nason, supra,* the Court of Appeals affirmed the defendant's conviction on appeal without considering the merits when defendant was still at large at the end of a court ordered grace period.

Koloske's counsel argues that because a defendant has a constitutional right to an appeal in this state, Const. art. 1, § 22,[2] an appeal cannot be dismissed unless the State proves a knowing and voluntary waiver of the right. *See, e.g., In re Hanson,* 94 Wn.2d 798, 620 P.2d 95 (1980). In Koloske's case, however, he has already completed his appeal by obtaining review as a matter of right in the Court of Appeals. *See* RAP 2.1(a)(1). He is now seeking, in this court, discretionary review of the Court of Appeals decision. Our refusal to proceed with discretionary review in the absence of defendant does not raise the constitutional issue.

Counsel further argues that dismissal of the petition constitutes extra punishment, in addition to penalties for escape. But, as pointed out in *State v. Mosley, supra,* a decision on the merits gives defendant the option of submitting to this court's order. If a favorable decision is entered, defendant has every incentive to appear. In the event of an unfavorable decision, defendant is unlikely to submit to the court's authority. Thus, proceeding with the petition allows defendant to dictate the terms of his surrender.

We find *State v. Mosley, supra,* controlling. No compelling reason has been shown to reconsider its rule. Koloske's petition for review is dismissed upon the filing of this opinion if he has not delivered himself to the relevant authorities by the date of filing.

---

[2]"In criminal prosecutions the accused shall have the right . . . to appeal in all cases . . ." Const. art. 1, § 22.

## II
## State v. Austin

Austin was convicted of first degree robbery in April 1981. The victim, who identified Austin, was the ticket taker at a high school basketball game. She had been employed there several years, had known Austin when he was a student, and continued to see him when he attended the school's basketball games as an alumnus. Austin's defense was an alibi.

Prior to trial, Austin moved in limine to preclude the State from using his prior 1977 second degree robbery conviction for impeachment purposes under ER 609. He argued that his alibi testimony would be crucial to the case and that informing the jury of a conviction for an identical crime would be overwhelmingly prejudicial. The trial judge denied the motion, suggesting that robbery was a crime of dishonesty, automatically admissible under ER 609(a)(2). He also found, however, that the jury's need to evaluate Austin's credibility outweighed the prejudice inherent in use of the conviction.

At trial, Austin did not take the stand. His alibi defense was presented through other witnesses. No further reference was made to the defense motion or Austin's desire to testify.

Following his conviction, Austin moved for a new trial on the basis of CrR 7.6(a), alleging newly discovered evidence. Prior to trial, defense counsel had been informed that another person, Michael Harris, was possibly implicated in the robbery. A police report, obtained by counsel after trial, confirmed that Harris had been arrested on the night of the robbery near the scene, and a gun had been seized from his car. The trial court denied the new trial motion.

In considering his appeal, the Court of Appeals, Division One, found that Austin had not preserved the ER 609 issue for appeal. First, the court held that no error could be assigned to the denial of Austin's motion in limine because such a ruling is necessarily advisory and tentative. The court suggested that error is committed only when the evi-

dence is improperly admitted, over objection, at trial. Second, the court found that if the defendant decides not to take the stand because of the ruling, an offer of proof of the defendant's expected testimony, submitted to the trial judge, is required to demonstrate that the ruling resulted in prejudice.

The Court of Appeals also rejected Austin's claim of error in the denial of a new trial motion because of newly discovered evidence.

### A

There is considerable judicial disagreement regarding the proper procedure for raising an ER 609 issue and preserving it for appeal. *Compare United States v. Cook,* 608 F.2d 1175 (9th Cir. 1979), *cert. denied,* 444 U.S. 1034 (1980) *with United States v. Lipscomb,* 702 F.2d 1049 (D.C. Cir. 1983). *See generally* Spencer, *The Motion in Limine: Pretrial Tool To Exclude Prejudicial Evidence,* 56 Conn. B.J. 325, 333 (1982); Annot., 54 A.L.R. Fed. 694 (1981). Our own jurisdiction has not approached the problem in any consistent manner, as the Court of Appeals opinions in these two cases indicate.

When defendant has prior convictions and anticipates that he or she will need to testify at trial, counsel will want the admissibility of the prior convictions for impeachment purposes determined outside the jury's presence. The problem for defense counsel is how and when to raise the issue. The matter is no less complex for the trial judge who must decide when it is appropriate to make the ruling.

The facts before us illustrate the complexity. Both petitioners moved in limine under ER 609 to have prior convictions excluded from evidence for impeachment purposes. In *State v. Koloske,* 34 Wn. App. 882, 667 P.2d 635 (1982), the Court of Appeals suggested that any error in a ruling under ER 609 would be automatically preserved for appellate review only if the issue was settled before trial at the omnibus hearing. In *State v. Austin,* 34 Wn. App. 625, 662 P.2d 872 (1983), the Court of Appeals held that denial of

the pretrial motion in limine was not reviewable because a pretrial ruling is necessarily tentative and advisory. Error, the court stated, could only be predicated upon the improper admission, over objection, of the evidence at trial. Because Austin did not take the stand following the ruling, the issue was not raised again at trial, thus precluding appellate review.

The *Austin* decision conflicts with opinions of this court which indicate that rulings on motions in limine are not *necessarily* tentative and advisory. *See, e.g., State v. Evans,* 96 Wn.2d 119, 634 P.2d 845, 649 P.2d 633 (1981). Unless the trial court indicates that further objections at trial are required when making its ruling, the party losing the pretrial motion is deemed to have a standing objection. *State v. Evans, supra; Fenimore v. Donald M. Drake Constr. Co.,* 87 Wn.2d 85, 549 P.2d 483 (1976).

We find no merit in distinguishing between various forums for pretrial rulings. Whether the ruling is made at a pretrial hearing, omnibus hearing, or during trial, the crucial issue is whether the trial court has expressed a final decision upon which the parties are entitled to rely.[3] *See State v. Latham,* 100 Wn.2d 59, 667 P.2d 56 (1983).

Numerous authorities suggest that disposing of ER 609 issues prior to trial is the preferred procedure. *United States v. Cook, supra; Commonwealth v. Diaz,* ___ Mass. ___, 417 N.E.2d 950 (1981). *See generally* 3 J. Weinstein & M. Berger, *Evidence* ¶ 609[5] (1982). *But cf. United States v. Cobb,* 588 F.2d 607 (8th Cir. 1978), *cert. denied,* 440 U.S. 947 (1979) (trial court should be afforded the opportunity to rule after facts have been developed at trial); *Houston v. State,* 638 S.W.2d 160 (Tex. Ct. App. 1982) (denial of motion in limine does not preserve error under ER 609 where evidence is admitted at trial without objection). The reasons for settling the potential impeachment questions

---

[3]This ruling necessarily disapproves the decision in *State v. Koloske,* 34 Wn. App. 882, 667 P.2d 635 (1982), which suggests that the only appropriate forum for resolving ER 609 issues is the pretrial omnibus hearing.

before trial are persuasive. Trial strategy may be influenced by the ruling, especially whether defendant will elect to testify. Opening statements may also depend on defendant's election. A decision on the use of prior convictions may prevent inadvertent raising of prejudicial matters before the jury. We therefore approve procedures that determine the admissibility of a prior conviction prior to trial.

In some cases, the issue may be appropriately resolved at the pretrial omnibus hearing. In others, however, the preferable procedure may be a pretrial hearing before the trial judge, who is in the best position to give the necessary consideration to the balancing of factors required under *State v. Alexis*, 95 Wn.2d 15, 621 P.2d 1269 (1980). But subject to sound discretion, the trial court may defer a ruling on the issue in cases where testimony must be heard before a decision is appropriate.

Another problem is raised when the trial judge issues a tentative or advisory ruling. If the trial court has made a definite, final ruling, on the record, the parties should be entitled to rely on that ruling without again raising objections during trial. When the trial court refuses to rule, or makes only a tentative ruling subject to evidence developed at trial, the parties are under a duty to raise the issue at the appropriate time with proper objections at trial. Further, the parties are entitled to insist on a ruling at that time and are obligated to insure that a record of the ruling is made for appeal purposes. Where appropriate, the record can be made outside the presence of the jury. The unrecorded sidebar conference, such as was held in *Koloske*, presents another difficulty. We realize that the purpose of an unrecorded sidebar conference is to dispose quickly of uncomplicated issues without repeatedly removing the jury from the courtroom. But the danger of such conferences cannot be overemphasized. Failure to record the resulting ruling may preclude review. *See Schiffman v. Hanson Excavating Co.*, 82 Wn.2d 681, 690, 513 P.2d 29 (1973); *Falcone v. Perry*, 68 Wn.2d 909, 915, 416 P.2d 690

(1966).

We have previously indicated that if defendant elects not to testify following a ruling under ER 609, defendant must ensure that the record includes a declaration of his intention to testify and an adequate offer of proof, either oral or written, to preserve any error for appellate review. *State v. Pam,* 98 Wn.2d 748, 659 P.2d 454 (1983) (Utter, J., concurring). We now affirm our position that an offer of proof is required.

In most cases, the trial court will find it necessary to evaluate the significance of defendant's testimony to the case before a proper ruling can be made. *State v. Alexis, supra.* A defendant who requests a pretrial ruling, but refuses to divulge his prospective testimony, cannot expect the trial court to rule at that point if it is determined that the content of the testimony is critical to the ruling. Defendant may properly request that the ruling be made at the close of the State's evidence if an earlier disclosure would be prejudicial to defendant. *Simmons v. State,* 278 Ark. 305, 645 S.W.2d 680 (1983).

We are also aware of the potential for abuse of ER 609 rulings. *Simmons v. State, supra; see State v. Davis,* 328 N.W.2d 301 (Iowa 1982). Defendants with no intention of testifying may still seek a ruling in order to provide one more ground for appeal in case of conviction. An offer of proof submitted to the trial judge will limit that use.

Further, defendants should not be allowed to portray themselves as "innocents among thieves" because prior convictions have been ruled inadmissible. *State v. Anderson,* 31 Wn. App. 352, 641 P.2d 728 (1982); *see United States v. Mehrmanesh,* 682 F.2d 1303 (9th Cir. 1982). Submitting the anticipated testimony to the trial judge allows consideration of this possibility when credibility is a critical issue.

Finally, once defendant determines not to testify, an offer of proof becomes essential to appellate review. Our evaluation of the trial court's discretion under ER 609 cannot proceed unless we have some indication that an error in

the ruling prejudiced defendant's trial.

The Court of Appeals determined that Austin failed to preserve his assignment of error because no offer of proof was submitted to the trial judge. We agree. The only information before the trial court was that Austin would present an alibi defense. Without any specifics of the testimony, the trial judge could not evaluate Austin's evidence. As another appellate court has recently pointed out, the statement "I have an alibi" is a self–serving, completely unsubstantiated conclusion, from which a trial court can derive little information. *United States ex rel. Veal v. DeRobertis*, 693 F.2d 642 (7th Cir. 1982). None of the reasons we cited for requiring the offer of proof is satisfied by simply claiming alibi.

## B

Austin also alleges error in the trial court's denial of a new trial based on newly discovered evidence. The "new" evidence was information contained in a police report, detailing the arrest of Michael Harris on the night of the robbery. Defense counsel did not obtain the report until after trial. The record indicates, however, that counsel knew of the possible involvement of Harris before trial, but did not fully investigate this possibility. The record also shows that the arrest of Harris in the vicinity of the robbery was not disclosed to either the defense or the prosecution prior to trial.

Austin now claims that he is entitled to a new trial under CrR 7.6(a)(3) and the criteria of *State v. Williams*, 96 Wn.2d 215, 634 P.2d 868 (1981). In *Williams* we held that a trial court abuses its discretion when it grants a new trial unless the moving party can demonstrate that the new evidence (1) will probably change the result of trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching. *Williams*, at 223.

We have serious doubts whether any of these criteria are

satisfied here. Austin's theory is that the clothes worn by Harris on the night of his arrest were those observed by witnesses who saw various persons leaving the robbery scene. The record shows substantial conflict on that point. The trial court, having just heard the evidence at trial, was in the best position to judge the impact of the new evidence. We hesitate to substitute our judgment. Even giving Austin the benefit of any uncertainty, however, we fail to see that the outcome of trial would have been different in the face of the victim's positive identification of Austin, someone whom she had known for several years.

■ Austin also submits that he was denied a fair trial because the prosecution failed to disclose material, exculpatory evidence. *United States v. Agurs,* 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976); *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). This contention was also raised in the *Williams* case. There we stated that to be "material" in a constitutional sense the undisclosed evidence must create a reasonable doubt that did not otherwise exist. *Williams,* at 229. We further agreed with the United States Supreme Court that due process does not require the prosecutor to disclose every detail of all police investigatory work on a case. *Williams,* at 228. To require such disclosures would result in a new trial each time the police inadvertently failed to disclose every lead pursued in the course of an investigation.

The information that Harris was arrested in the vicinity of the robbery with a gun does not, under the facts of this case, create a reasonable doubt justifying a new trial. Austin was conclusively identified by the victim. On the night of the robbery, she told investigators that she thought the robber was Austin, someone she knew. The next day, she identified Austin as the robber from a photo montage.[4]

---

[4]After trial, during proceedings on the new trial motion, the trial court directed that the victim be shown a second photo montage containing a photo of Harris. She then stated, after viewing the second montage, that none of the men in the photos was the one who had robbed her.

Once she had positively determined that the robber was Austin, police investigation of the robber's identity was concluded. The police did not "suppress" information concerning Harris; they simply did not pursue a fruitless lead. Austin has not shown that the undisclosed evidence was constitutionally material to his trial.

Petitioner Koloske's petition is dismissed. Petitioner Austin's conviction is affirmed.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

Reconsideration denied March 12, 1984.