[No. 23439-1-I. Division One. July 9, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. BRUCE ALDEN McLEAN, *Appellant*.

*Jesse W. Barton* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Kenneth Cowsert* and *Seth Aaron Fine, Deputies,* for respondent.

GROSSE, A.C.J.—Bruce A. McLean appeals his conviction for first degree robbery, vehicular assault, and hit and run. He claims the trial court erred when it allowed the admission of certain of his prior felony convictions to impeach his testimony. Upon hearing the decision, McLean declined to testify. He claims the evidentiary ruling was in error under ER 609 and under the plurality decision of *State v. Brown,* 111 Wn.2d 124, 761 P.2d 588 (1988) (*Brown* I), *aff'd as modified on reconsideration,* 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906 (1989) (*Brown* II). We affirm.

The State alleged that on September 9, 1988, McLean drove into a bank parking lot in Marysville, Washington. Fred Gerlach also parked his truck in the bank lot and was

preparing to deposit a box full of coins when McLean drove up. McLean opened the passenger door of Gerlach's truck and stole the box of coins. Gerlach attempted to pursue the thief by running in front of the thief's car. Unfortunately McLean continued on, hit Gerlach, and then left the scene.

McLean was charged with first degree robbery, vehicular assault, and hit and run/injury accident. At trial, the prosecutor indicated that if McLean intended to take the stand to testify that he was not in Marysville on the day of the crime then the prosecution proposed to introduce five prior convictions for impeachment purposes. These convictions included one for taking a motor vehicle, two for first degree theft, one for first degree forgery, and one for first degree robbery. Defense counsel opposed the admission of the convictions and made an offer of proof indicating that should the court allow *any* of the convictions into evidence, McLean would not testify. The court ruled that four of the convictions involved "dishonesty" and would therefore be admissible under ER 609(a)(2) for impeachment purposes. The court also pointed out that to obtain a review of the ruling the defendant would be *required* to testify. McLean did not testify and the evidence of the prior convictions was not admitted into evidence. The jury found McLean guilty on all counts.

▆ The case of *State v. Brown,* 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906 (1989) (*Brown* II) is instructive on the law underlying the issue in the case. However, because the court was split on the question of whether a crime involving theft necessarily involves dishonesty for the purposes of ER 609(a)(2), we cannot construe the decision as changing prior law in that regard.[1] Therefore, the decision of the trial court to include the prior convictions for theft as being

---

[1]We are constrained to give the *Brown* II case the narrowest reading possible due to the lack of a clear majority supporting the rationale. *Lakewood v. Plain Dealer Pub'g Co.,* 486 U.S. 750, 100 L. Ed. 2d 771, 108 S. Ct. 2138 (1988). *See also Southcenter Joint Venture v. National Democratic Policy Comm.,* 113 Wn.2d 413, 427–28, 780 P.2d 1282 (1989).

per se admissible under ER 609(a)(2) was incorrect. However, this error does not require reversal.

*Brown* II also discusses the issue of whether and how a defendant must preserve the error for review. *Brown* II indicates that a criminal defendant must take the stand and testify in order to preserve for appellate review a trial court ruling that the evidence of a prior conviction is admissible for impeachment purposes. Under the holding of *Brown* II, appellate review is *not* preserved by the defendant simply stating an intent to testify if the prior convictions would be excluded and making an offer of proof specifying what his testimony would be. The *Brown* II court holds that the defendant must testify in order to preserve the issue for appellate review and specifically overrules *State v. Pam*, 98 Wn.2d 748, 659 P.2d 454 (1983); *State v. Koloske*, 100 Wn.2d 889, 676 P.2d 456 (1984); and *State v. LeFever*, 102 Wn.2d 777, 690 P.2d 574 (1984) insofar as they are inconsistent (they required only an offer of proof).

█ The *Brown* II court also holds that this rule is to be applied prospectively. The State argues that since the same rationale was used in *Brown* I, the decision should be prospective from the date of *Brown* I not *Brown* II. The State's argument is incorrect because the opinion in *Brown* I was superseded by the court's opinion in *Brown* II. Therefore this court applies pre–*Brown* law to determine if McLean properly preserved the issue for review.

█ Even under pre–*Brown* law, we find McLean's restrictive offer of proof to be insufficient to preserve the issue for review. Under the holding of *State v. Koloske, supra*, a defendant needs to ensure that the record includes a declaration of his or her intent to testify. This requirement prevents defendants who have no intention of testifying from seeking a ruling in order to obtain a new ground for appeal. *Koloske*, at 897. Here, defense counsel restricted this declaration by indicating the defendant would testify only if the court would not allow *any* of the convictions into evidence. This restrictive offer of proof is fatal to McLean's

appeal. One of the prior convictions was for first degree forgery which is per se admissible under ER 609(a)(2). *See State v. Bonefield,* 37 Wn. App. 878, 683 P.2d 1129, *review denied,* 102 Wn.2d 1014 (1984).

In his brief, McLean indicates that he cannot quarrel with the admission of his prior forgery conviction. Because the forgery conviction was per se admissible under ER 609(a)(2), the admissibility of the other convictions is immaterial. As is conceded, the forgery conviction was admissible for impeachment purposes without a balancing by the trial court of the probative value versus any prejudice. Because the forgery conviction would have been admitted, McLean's restricted offer of proof that he would not testify if the court admitted any of his prior convictions did not properly preserve the claimed error.

Additionally, as pointed out in *Brown* II, any error in admitting evidence of previous convictions for impeachment purposes under ER 609(a) is not of constitutional magnitude and is harmless unless, within reasonable probabilities, the outcome of the trial would have been materially different had the error not occurred. Here, although McLean did not testify and the prior convictions were not admitted into evidence, the jury convicted him on evidence that was more than sufficient. The outcome of the trial would not have been materially different.

The decision of the trial court is affirmed.

FORREST and BAKER, JJ., concur.