[No. 25317–4–I.  Division One.  June 10, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. CURTIS ALAN WATKINS, *Appellant.*

*Paris K. Kallas* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

AGID, J.—Curtis Watkins appeals a judgment and sentence for second degree assault. He contends that he was denied a fair trial when the trial court allowed evidence of his prior second degree burglary conviction to be admitted for impeachment purposes. In a pro se supplemental brief Watkins also alleges ineffective assistance of counsel and prosecutorial misconduct. We affirm.

In the early morning hours of April 12, 1988, Watkins became involved in an altercation between his friend, Sidney Hurt, and Steven Cejka. Watkins entered into the fray when he threw a beer bottle at Cejka. The bottle hit Cejka in the head, causing a 1-inch laceration. Watkins then joined with Hurt in his continuing fight with Cejka.

Everett Police Officer Duane Wantland happened to drive by the fight scene while conducting a routine patrol. He observed Cejka lying in the street in a "fetal-type position trying to cover up his head and chest area." Officer Wantland also saw Watkins repeatedly strike Cejka in the head with his fist while Hurt kicked Cejka in the chest. Cejka was subsequently diagnosed as having suffered a concussion and a broken nose, as well as the head laceration.

The State charged Watkins with committing second degree assault in violation of former RCW 9A.36.020(1)(b)

and (c).[1] At his jury trial Watkins admitted throwing a beer bottle at Cejka and fighting with him. He alleged, however, that he had acted in Hurt's defense. The jury rejected Watkins' defense–of–others claim and found him guilty as charged.[2]

## APPLICATION OF ER 609(a)(2)

At issue in this appeal is the trial court's ruling that Watkins' prior second degree burglary conviction was a crime of dishonesty admissible for impeachment purposes under ER 609(a)(2). The court made its ruling in accord with *State v. Brown*, 111 Wn.2d 124, 154–56, 761 P.2d 588 (1988) (*Brown* I), which held that crimes involving the taking of property are crimes of dishonesty for purposes of ER 609(a)(2). After the ruling at issue here, the Supreme Court reconsidered *Brown* I. On reconsideration, only four justices adhered to that holding. *State v. Brown*, 113 Wn.2d 520, 545–54, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989) (*Brown* II). Consequently, the *Brown* opinions did not affect the prior rule that a crime of theft is not per se admissible under ER 609(a)(2). *State v. Burton*, 101 Wn.2d 1, 10, 676 P.2d 975 (1984) (holding that crimes of theft in general are inadmissible under ER 609(a)(2)); *see generally State v. McLean*, 58 Wn. App. 422, 424, 793 P.2d 459 (1990) (noting limited precedential effect of *Brown* II).

After oral argument in the instant case, the Supreme Court did effectively overrule *Burton*. In *State v. Ray*, 116 Wn.2d 531, 806 P.2d 1220 (1991), a clear majority of the court held that "crimes of theft involve dishonesty and are *per se* admissible for impeachment purposes under ER 609(a)(2)." 116 Wn.2d at 545. This holding does not end

---

[1]Effective July 1, 1988, former RCW 9A.36.020 was replaced by RCW 9A.36-.021.

[2]Although it appears from the record that Watkins has fully served his term, we do not consider this case to be moot. A reversal of his conviction could relieve Watkins of any resultant liabilities and cleanse his record. Consequently, this is a case in which the court could provide "effective relief". *See State v. Turner*, 98 Wn.2d 731, 733, 658 P.2d 658 (1983).

our analysis, however. While *Ray* clarifies the question of whether a theft conviction is *per se* admissible under ER 609(a)(2), it is of little assistance in determining whether a second degree burglary conviction is also *per se* admissible under the provision.[3]

In our opinion, burglary presents a different ER 609(a)(2) analytical problem than does theft, because burglary does not necessarily involve the taking of property element that influenced the *Ray* court to hold that the crime of theft involves dishonesty. *See* 116 Wn.2d at 545–46. A person commits second degree burglary if, "with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building". RCW 9A.52.030. The State is not required to prove what crime the defendant intended to commit in order to secure a conviction. *State v. Bergeron*, 105 Wn.2d 1, 16, 711 P.2d 1000 (1985). Thus, while a judgment entered on a second degree burglary conviction may well stem from an unlawful entry coupled with a completed theft or the intent to commit theft, it may also stem from an unlawful entry coupled with an intent to commit malicious mischief, arson, a sexual offense or other crime which does not involve theft. On its face a second degree burglary conviction is, therefore, inherently ambiguous as to the defendant's criminal intent. This ambiguity often cannot be resolved in a subsequent proceeding in which the burglary conviction is offered under ER 609(a)(2) because, in order to determine admissibility of a prior conviction under this rule, a trial court cannot look beyond "the elements and date of the prior conviction, the type of crime, and the punishment imposed."[4] *State v. Newton*, 109 Wn.2d 69, 71, 743 P.2d 254 (1987).

---

[3]Neither *Ray* nor the *Brown* cases involved a burglary conviction.

[4]We take this to mean that the court can examine the information and judgment and sentence relating to the prior burglary to determine whether that crime was a crime of theft admissible under ER 609(a)(2). Only if those documents

These considerations persuade us that, even after *Ray,* not all second degree burglary convictions are per se admissible under ER 609(a)(2). Since the record before the trial court did not indicate whether Watkins' prior burglary conviction involved theft, the court improperly admitted the conviction under this subsection of the rule. Nevertheless, we affirm Watkins' judgment and sentence because we are convinced that the trial court's ER 609(a)(2) error was harmless.

## PROPRIETY OF REVIEW

Before undertaking our harmless error analysis, we first address the State's alternative arguments in favor of affirming the judgment against Watkins.[5] It is the State's position that even if an ER 609(a)(2) error occurred, reversal is not required because Watkins did not preserve the error for review.[6] We address this contention in order to put to rest the State's theories on this issue.

The State first argues that the invited error doctrine precludes review of the trial court's ruling. The State contends that the doctrine applies because Watkins did not wait for the State to elicit his testimony about the prior conviction during cross examination, but instead gave direct testimony that he once pleaded guilty to a burglary charge. Watkins had previously explained to the court that, due to its ruling that his prior conviction was admissible, he

unambiguously reveal that defendant's criminal intent was to commit theft would the burglary conviction be admissible under *Ray.*

[5] The State's position on appeal was that Watkins' prior burglary conviction was improperly admitted under ER 609(a)(2), but that his conviction should be affirmed on other grounds. The State's concession of error was, of course, made before the Supreme Court decided *State v. Ray, supra.*

[6] The State also contends that Watkins' prior burglary conviction would have been properly admitted under ER 609(a)(1). Although with an adequate record a reviewing court can itself engage in the balancing process required under ER 609(a)(1), *State v. Bond,* 52 Wn. App. 326, 333, 759 P.2d 1220 (1988), it is unnecessary to do so when, as here, a case can be resolved on other grounds.

would testify about the conviction on direct in order "to minimize any potential prejudice".

We reject the State's contention that this is a case in which the invited error doctrine is properly invoked. Its contention ignores the purpose of the invited error doctrine, which is to prohibit a party from setting up an error at trial and then complaining of it on appeal. *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984). This purpose would not be served by a rule that denies review to a party who introduces evidence in an effort to mitigate prejudice resulting from an adverse ruling. In this situation, the party did not "set up" the error complained of on appeal. *See State v. Whelchel*, 115 Wn.2d 708, 727–28, 801 P.2d 948 (1990) (not invited error for defendant to refer in opening remarks to evidence expected to be admitted at trial under an erroneous pretrial ruling).[7] We also note that Washington appellate courts ordinarily reach the merits of a challenge to a trial court's decision to allow evidence of a defendant's prior convictions, even when the defendant introduced evidence of his or her convictions on direct. *See, e.g., State v. Fowler*, 114 Wn.2d 59, 785 P.2d 808 (1990); *State v. Jones*, 101 Wn.2d 113, 677 P.2d 131 (1984); *State v. Begin*, 59 Wn. App. 755, 801 P.2d 269 (1990); *State v. Bond*, 52 Wn. App. 326, 759 P.2d 1220 (1988); *State v. Zibell*, 32 Wn. App. 158, 646 P.2d 154, *review denied*, 97 Wn.2d 1039 (1982).

The four cases on which the State relies as support for its invited error claim do not require a different result. Two of those cases, *State v. Kaiser*, 34 Wn. App. 559, 663 P.2d 839, *review denied*, 100 Wn.2d 1004 (1983) and *State v. Renfro*, 96 Wn.2d 902, 639 P.2d 737, *cert. denied*, 459 U.S. 842 (1982), are distinguishable in that they do not

---

[7]*Whelchel* is in accord with the somewhat analogous rule that a party does not waive an objection to erroneously admitted evidence by subsequently introducing evidence in an attempt to mitigate the prejudicial effect of the improper evidence. *Taylor v. Cessna Aircraft Co.*, 39 Wn. App. 828, 831, 696 P.2d 28, *review denied*, 103 Wn.2d 1040 (1985); *Storey v. Storey*, 21 Wn. App. 370, 376–77, 585 P.2d 183 (1978), *review denied*, 91 Wn.2d 1017 (1979).

involve situations in which a defendant introduced evidence in order to mitigate prejudice resulting from a prior court ruling. Another is distinguishable because it concerned impeachment of a witness, rather than a defendant. *State v. Harvey*, 34 Wn. App. 737, 664 P.2d 1281, *review denied*, 100 Wn.2d 1008 (1983). Finally, the State relies on the following statement in *State v. Wilson*, 29 Wn. App. 895, 899, *review denied*, 96 Wn.2d 1022 (1981): "[W]hen the defendant testified to his conviction on direct, the error, if any, was self-invited and is precluded from review." (Citations omitted.) This statement is dicta unsupported by legal analysis, and thus has no precedential or persuasive value.

The State also argues that review of the court's ruling is precluded on the ground that Watkins did not make an offer of proof to the trial court about the content of his proposed testimony. It relies on *State v. Koloske*, 100 Wn.2d 889, 897, 676 P.2d 456 (1984) and *State v. LeFever*, 102 Wn.2d 777, 786, 690 P.2d 574 (1984). The State's reliance is misplaced, however, as the offer of proof requirement found in those cases only applied when the defendant did not testify at trial:[8]

> if [a] defendant elects not to testify following a ruling *under ER 609*, defendant must ensure that the record includes a declaration of his intention to testify and an adequate offer of proof, either oral or written, to preserve any error for appellate review.

(Italics ours.) *Koloske*, 100 Wn.2d at 897, *quoted in LeFever*, 102 Wn.2d at 785.[9]

---

[8] *Brown* II, decided after the trial in this case, now requires the defendant to take the stand and actually testify to preserve error. 113 Wn.2d at 538–40.

[9] The reason for limiting the offer of proof requirement to situations in which defendant does not testify is clear. Requiring an offer of proof prevents a defendant who never intended to testify from planting error, and permits effective appellate review. *LeFever*, 102 Wn.2d at 785–86; *Koloske*, 100 Wn.2d at 897–98. A defendant's actual testimony serves these same purposes. *See generally Brown* II, 113 Wn.2d at 538–40 (noting that reasons which prompted offer of proof requirement are better served by requiring defendant to take the stand in order to preserve error).

## HARMLESS ERROR

We now consider the effect of the trial court's evidentiary error. The State contends that the error was harmless, and thus does not require reversal. We agree.

Initially, we note that until the recent decision in *State v. Ray, supra,* confusion existed as to whether a constitutional or nonconstitutional harmless error standard should be applied in evaluating erroneous ER 609(a) rulings. A plurality of the *Brown* II court apparently rejected prior Washington law to hold that the nonconstitutional standard applied because no constitutional right is implicated by a ruling that permits testimony for impeachment purposes only.[10] 113 Wn.2d at 554–55. This apparent holding was clearly adopted in *Ray,* with six justices agreeing that "[t]he same nonconstitutional harmless error standard that applies to ER 404 rulings also applies to ER 609(a) rulings." 116 Wn.2d at 546. While this aspect of *Ray* likely has retroactive effect, *see generally In re Gunter,* 102 Wn.2d 769, 771–72, 689 P.2d 1074 (1984), we do not undertake a retroactivity analysis here. Given the facts in this case, the error in allowing Watkins' prior burglary conviction under ER 609(a)(2) was harmless under either the constitutional or nonconstitutional standard.

In order to prove Watkins' guilt, the State had to prove beyond a reasonable doubt that Watkins knowingly inflicted grievous bodily harm upon Cejka, or that he knowingly assaulted Cejka with a thing likely to produce bodily harm, and that Watkins was not acting lawfully. Of these elements, only the lawfulness of Watkins' acts was in

---

[10]The four justices who signed the *Brown* II lead opinion expressly adopted the nonconstitutional standard. 113 Wn.2d at 554–55. Two others expressed no clear opinion on this point, although they appeared to reject the idea that ER 609 rulings implicate constitutional rights. *Brown* II, 113 Wn.2d at 560–61 (Pearson, J., concurring). The remaining three justices repudiated this aspect of the lead opinion and opined that the constitutional harmless error standard adopted in *State v. Jones,* 101 Wn.2d 113, 124–25, 677 P.2d 131 (1984) should continue to apply. *Brown* II, 113 Wn.2d at 559 (Utter, J., concurring).

dispute.[11] On this issue, Officer Wantland gave independent unbiased testimony that Watkins beat Cejka on the head even after Cejka lay on the ground in a fetal position.

■■■ A party can lawfully use force to aid another who he reasonably believes is about to be injured. In so doing the party may only use such force and means as a reasonably prudent person would use under the same or similar conditions. *E.g., State v. Penn,* 89 Wn.2d 63, 568 P.2d 797 (1977); *State v. Bailey,* 22 Wn. App. 646, 650, 591 P.2d 1212 (1979). Here, no jury could conclude that in order to defend himself or another, a reasonable person would continue to repeatedly hit the alleged aggressor in the head after that person fell to the ground and assumed a fetal position. Instead, the jury must necessarily conclude that the use of such force is unreasonable and, therefore, unlawful. In this situation, a trial court's ER 609(a)(2) error could have no impact on the outcome of trial and would, therefore, be harmless. *See generally Ray,* 116 Wn.2d at 546 (erroneous ER 609 ruling is not reversible error unless the outcome of trial would have been materially affected had the error not occurred); *State v. Guloy,* 104 Wn.2d 412, 425–26, 705 P.2d 1182 (1985) (constitutional evidentiary error is harmless beyond a reasonable doubt when the untainted evidence is so overwhelming that it necessarily leads to a finding of guilt), *cert. denied,* 475 U.S. 1020 (1986).

### PRO SE ASSERTIONS

■ In a pro se supplemental brief, Watkins asserts that he received an inadequate defense and that the prosecutor improperly read through defense counsel's trial notebook. While his contentions, if true, are troubling, they concern matters outside the record and consequently cannot be considered on appeal. *State v. Dunaway,* 109 Wn.2d 207, 220–21, 743 P.2d 1237, 749 P.2d 160 (1987); *State v. King,* 24 Wn. App. 495, 504–05, 601 P.2d 982 (1979). Review of

---

[11]The fact that Cejka suffered grievous bodily harm is not disputed, and Watkins admitted throwing a beer bottle at Cejka and fighting with him.

these issues can only be accomplished through a properly supported personal restraint petition timely brought under RAP 16.3 and RCW 10.73.090. *See King,* 24 Wn. App. at 505.

The judgment and sentence are affirmed.

COLEMAN and KENNEDY, JJ., concur.